**CAMMACK v. HOWARD et al.**

**No. 9082.**

United States Court of Appeals District of Columbia.

Argued Jan. 14, 1946.

Decided March 11, 1946.

---

Mr. E. P. S. Newman, of Washington, D. C., for appellant.

Mr. Daniel W. O'Donoghue, Jr., of Washington, D. C., for appellees Howard and May, trustees.

Mr. Francis W. Hill, Jr., of Washington, D. C., guardian ad litem for minor appellees Robert Cammack et al.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The appellees, who are testamentary trustees serving without bond and without express duty to render an accounting to anyone, sued to have the District Court of the United States take jurisdiction of the trust so that annual accounts may be stated and audited, trustees' commissions and attorneys' fees allowed, and the further administration generally supervised.

The appellant, who is the only adult cestui que trust and who is in the military service, opposes placing the estate under the court's care. But the guardian ad litem for the infant wards recommends that the court take the trust.

Appellant moved for a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940 [1] and the trustees moved for summary judgment granting their prayer that the court take jurisdiction. Appellant's motion to stay was denied by the lower court, and an order was entered taking supervision of the administration of the estate. The lower court's refusal of a stay of proceedings was limited by its terms, that is, a stay was refused only concerning the consideration of the legal question as to whether the court should receive accountings and supervise administration. The way was left open for a renewal of the motion to stay should that become appropriate when the accounts have been presented for consideration.

This case comes to us as a general appeal under § 101, Title 17, District of Columbia Code, as though the orders complained of amounted to a "final order, judgment, or decree." In Jacobsen v. Jacobsen [2] we held that an order is not appealable under this section unless it amounts to a final disposal of the case on its merits so that the court has nothing to do but execute the judgment. A special appeal from interlocutory orders under Title 17, § 101 of the District of Columbia Code was not asked or allowed. As the orders involved are plainly interlocutory, the appellee's motion to dismiss the appeal is granted.

---

[1] Section 201 of the Act follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." Oct. 17, 1940, c. 888 § 201, 54 Stat. 1181, 50 U.S.C.A.Appendix, § 521.

[2] 75 App.D.C. 223, 126 F.2d 13.